UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN S. JACQUETT,

        Petitioner,

    v.

KEVIN CHAPPELLE, Warden,

        Respondent.
                                   /

No. C-14-0316 EMC (pr)

**ORDER ON INITIAL REVIEW**

## I.    INTRODUCTION

Petitioner, an inmate at San Quentin State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition and attachments thereto disclose the following: Petitioner was convicted in San Diego County Superior Court of first degree murder with the use of a firearm in the commission of the offense. In 1974, he was sentenced to life with the possibility of parole. Petitioner does not challenge that conviction; instead, he challenges the Governor's decision to reverse the BPH and deny parole for him. The BPH hearing occurred on May 28, 2009, and the Governor's decision was announced in a letter to Petitioner dated October 23, 2009. *See* Docket # 1-7 (Petitioner's Ex. G). Petitioner filed unsuccessful state habeas petitions to challenge the Governor's decision, apparently starting in 2012.

Petitioner's federal petition for writ of habeas corpus has a proof of service showing it was mailed to the U.S. District Court on January 16, 2014. The envelope has a January 17, 2014 postmark. The petition was stamped "filed" at the Court on January 22, 2014.

### III. DISCUSSION

A. Review Of The Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's parole denial became final, and more than a year after the California Supreme Court denied his petition for writ of habeas

corpus, and therefore may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

B.   Miscellaneous Motions

Petitioner requested appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. (Docket # 2.)

Petitioner has filed a motion for discovery and an evidentiary hearing. Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery is only allowed to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). Petitioner has not shown good cause for this Court to permit discovery in this habeas action. He also has not at this juncture shown any need for an evidentiary hearing. Therefore, his motion for discovery and an evidentiary hearing is DENIED. (Docket # 4.)

It is not readily apparent when Petitioner's next parole suitability hearing did or will occur. In the motion to dismiss or opposition to it, the parties should provide that information to the Court.

### IV.   CONCLUSION

Good cause appearing therefor,

1.    The Clerk shall serve a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.    Respondent must file with the Court and serve upon Petitioner, on or before **May 30, 2014**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3.    If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **June 27, 2014**.

4.    Respondent may file and serve a reply on or before **July 14, 2014**.

5.    The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

6.    Petitioner's requests for counsel, discovery and an evidentiary hearing are DENIED. (Docket # 3 and # 4.)

IT IS SO ORDERED.

Dated: March 26, 2014

_____
EDWARD M. CHEN
United States District Judge